STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
ERNEST CRUMEDY, JR., DEFENDANT-APPELLANT.

Argued December 13, 1977—Decided May 23, 1978.

*Mr. David L. Kervick,* Assistant Deputy Public Defender, argued the cause for appellant (*Mr. Stanley C. Van Ness,* Public Defender, attorney).

*Mr. David B. Glazer,* Assistant Prosecutor, argued the cause for respondent (*Mr. Joseph P. Lordi,* Essex County Prosecutor, attorney).

PER CURIAM. The members of the Court being equally divided, the judgment of the Appellate Division is affirmed.

PASHMAN, J., concurring. Certain comments made in the opinion dissenting from today's affirmance by an equally divided court of the Appellate Division's judgment upholding defendant's conviction on three charges of atrocious assault and battery compel me to state the basis of my vote to affirm.

 As is recounted in detail in Judge Larner's opinion below, 144 *N. J. Super.* 25 (App. Div. 1976), each of defendant's victims was "wounded" in the literal sense of that term since there was in each case "an injury to the body consisting of a . . . breaking of the skin . . . by a hard or sharp instrument forcefully driven or applied." *Webster's Third New International Dictionary* (1971) at 2638. Once the "wounding" element of the offense proscribed by *N. J. S. A.* 2A:90–1 has been established, the totality of the circumstances surrounding the assault and battery may be examined in order to ascertain whether the particular conduct may properly be considered to be "atrocious." In my view, to so qualify the viciousness of the act must be of a different order of magnitude than that ordinarily and necessarily involved in the "simple" assault and battery. The primary measure of viciousness is the character of the assault — *i. e.,* the brutal quality or outrageously cruel nature of the defendant's act. A related factor to be included in the evaluation of viciousness is the substantiality of the injuries inflicted. The factors stand in an inverse relationship — the more heinous the assaultive act, the less substantial must the injuries be to support a conclusion that the requisite element of viciousness exists. Similarly, less outrageous conduct may nevertheless constitute an "atrocious" assault and battery where the ensuing injuries are significant. I find this analysis to be implicit in *State v. Edwards,* 28 *N. J.* 292 (1958). There the victim of a beating which we found to be "savagely brutal" sustained only bruises and scratches which were "superficial" in the medical sense of that term. We held that when considered in conjunction with the nature of the assault, the injuries were sufficiently serious to constitute, in the eyes of the law, the "substantial injuries" necessary to warrant a conviction for atrocious assault and battery.[1] *See* 28 *N. J.* at 299.

---

[1]The approach taken by our dissenting colleagues bears a remarkable resemblance to that of Justice Heher in dissent in *State v. Ed-*

■ In light of the vile and contemptible nature of defendant's conduct, the injuries sustained by the victims in the instant case, although not serious, are nevertheless "sufficiently substantial" to warrant a conviction under *N. J. S. A.* 2A:90–1. These victims had their skin punctured, bled and ran the risk of infection. As amply demonstrated in the opinion below, defendant's assaults were part of a sinister and diabolical scheme whereby he tricked innocent persons into believing he was performing legitimate medical tests upon them. Moreover, he overbore the will of his victims by asserting that he had legal authority to force them to undergo examination. Using this Gestapo-like tactic on uneducated victims created an atmosphere of intolerable oppressiveness, which made these assaults outrageously cruel. I agree wholeheartedly with the observations of the Appellate Division that in the totality of the circumstances, the nature of defendant's conduct was exceptionally monstrous:

In each case the combination of the extraordinarily vicious character of defendant's fictitious pose and the potential effect upon the victim's health by the unwarranted invasion of his or her body by a medical or other instrument amply demonstrates outrageous and unhumanly cruel conduct. * *' * [T]he aggravated element of the

---

*wards, supra.* He too argued emphatically that the injuries sustained by the victim, which he noted were "only scratches," were too minor to sustain a conviction for atrocious assault and battery. *See* 28 *N. J.* at 302. The majority in *Edwards* nevertheless found these injuries to be substantial enough to justify a conviction under *N. J. S. A.* 2A:90–1. The majority specifically rejected the contention of the defendant, similar to that advanced by the dissent herein, that the relatively minor nature of the injuries prevents the act which inflicted them from being considered an atrocious assault and battery. *Edwards'* holding was that the medical superficiality of the injuries does not establish their legal superficiality so as to preclude the wounding element of the offense from being satisfied. Thus, assessment of the medical aspects of the injuries alone is not dispositive of their substantiality *vel non.*

assault in this case lies in the vicious or evil nature of the attack, which is as abhorrent as one which is violent in character.

[144 *N. J. Super.* at 30][2]

Another factor discounted by my dissenting Brothers is the psychological harm which these victims may have suffered, particularly those who were informed that they indeed had cancer. This damage, considered in conjunction with the physical wounding of the victims, makes this case much more than a simple assault and battery.

The loathsome character of defendant's conduct so increases the heinousness component of the viciousness equation that the physical injuries sustained by the three victims are sufficient to supply the harmful effect necessary to justify a conviction for atrocious assault and battery.

Justice SULLIVAN and Justice HANDLER join in this opinion.

CLIFFORD, J., dissenting. Defendant's convictions for atrocious assault and battery are the product of judicial overkill[1] and should not be upheld. A diligent search of this record will not uncover the requisite elements of the offense.

_____

[2]My reading of the indictment and other applicable papers convinces me that defendant's disgusting charade of peering into a victim's vagina with a flashlight to look for signs of cancer was indeed encompassed within the indictment. My dissenting Brothers err in assuming that this outrage to human dignity was out of the case. While this may not be a wound, it is surely an aggravating factor, which coupled with the wounding of that victim, made the case for atrocious assault in that particular instance all the stronger.

[1]The trial judge may have shared this appraisal, consciously or otherwise, inasmuch as he chose (wisely, I think) to treat the three counts of atrocious assault and battery as simple assault and battery convictions for sentencing purposes, despite the jury's verdict of guilty to the greater offense. This dissent is prompted not so much by a sense of injustice in the end result of this case as by a concern for unsound law being adopted by the Court and memorialized in a reported opinion.

Caution must be taken not to let so much of the lurid factual detail set forth in the opinion below, 144 *N. J. Super.* at 26–28 (App. Div. 1976), and now in Justice Pashman's opinion, as is relevant only to other offenses not before us infect consideration of the limited issue upon which certification was granted, 73 *N. J.* 46 (1977). The sole question before this Court is whether convictions for the high misdemeanor of atrocious assault and battery pursuant to *N. J. S. A.* 2A:90–1 can be sustained where defendant, under the pretense of performing medical tests, inserted pins and needles into the arm or finger of three unsuspecting victims. The Appellate Division's affirmative answer to that inquiry, adopted by three members of this Court (thereby leaving us evenly divided, with the result being an affirmance of the judgment below), represents a sharp departure from well-established law not warranted by either jurisprudential or public policy considerations.

The uncomplicated facts reveal that defendant misrepresented himself as a physician and/or representative of Blue Cross-Blue Shield authorized to conduct diagnostic tests. Defendant's "procedures" included inserting a needle or pin into the arm or finger of each victim under the guise of performing medical tests for sickle-cell anemia or cancer. He cozened some of these same people and others by additional acts which were, in at least one instance, unspeakably contumelious; but these bear only upon other offenses for which defendant was indicted and not upon the narrow question presented to this Court.[2]

---

[2]In addition to the three atrocious assault and battery counts defendant was originally charged with a count of obtaining money by falsely pretending to be a physician or hospital representative authorized to perform medical tests, one count of attempting the same, and one count of private lewdness. He was subsequently indicted on two additional counts of obtaining money by falsely pretending to be a physician. One count of obtaining money by false pretenses and the private lewdness charge were disposed of by the trial court's

The applicable statute provides that the commission of an atrocious assault and battery "by maiming or wounding another" constitutes a high misdemeanor. *N. J. S. A.* 2A:90-1. The effect of this enactment is to set this offense apart from simple assault and battery by reference to the degree of criminality involved. *Tiberi v. Petrella,* 60 *N. J. Super.* 513, 517 (App. Div. 1960). It also distinguishes this offense from other types of assault and battery by reference to the viciousness of the act rather than to the "evil purpose" of the defendant, *N. J. S. A.* 2A:90-2, or to the use of offensive weapons or threats of violence, *N. J. S. A.* 2A:90-3. *State v. Maier,* 13 *N. J.* 235, 240 (1953). While any particular specific intent is not required for the offense of atrocious assault and battery, it is abundantly clear that indispensable ingredients of the offense are *savage and cruel conduct* resulting in *severe and substantial* injuries. *State v. Edwards,* 28 *N. J.* 292, 297–98 (1958).

In the instant case the Appellate Division viewed the absence of any serious physical injuries or consequences as "not determinative of the commission of an atrocious assault and battery." 144 *N. J. Super.* at 30. The error in this analysis, compounded by today's decision, is laid bare by the reasoning of *State v. Edwards, supra.* In that case, after acknowledging the savagely brutal nature of the attack, Justice Wachenfeld observed that "the inquiry still remains as to whether or not the injuries inflicted were sufficiently severe or substantial to satisfy the statutory definition of atrocious assault and battery", 28 *N. J.* at 298, concluding that without "substantial" injury a conviction would not be warranted. *Id.* at 299. Consequently, *Edwards* instructs us that while the nature of the attack, as "savagely brutal or outrageously or inhumanly cruel or violent", is accorded "paramount importance", 28 *N. J.* at 297, in order to sustain a charge of atrocious assault and battery the injuries resulting from

favorable action on defendant's motion for judgment of acquittal. The jury found defendant guilty on the remaining six counts.

that attack must be "substantial rather than superficial". *Id.* at 299.[3]

Today's decision departs sharply from this unmistakably clear statement of the law, without even a straightforward concession that a new course is being charted. So it is said (*ante* at 321) that the factors of "viciousness" of the attack and "substantiality" of the injuries "stand in an inverse relationship — the more heinous the assaultive act, the less substantial must the injuries be to support a conclusion that the requisite element of viciousness exists. Similarly, less outrageous conduct may nevertheless constitute an 'atrocious' assault and battery where the ensuing injuries are significant." This unique analysis is said to be "implicit" in *Edwards,* where, according to our colleagues' view of that case, the victim sustained "only bruises and scratches which were 'superficial' in the medical sense of that term." *Ante* at 321.

Not so. Plainly no such analysis is "implicit" in *Edwards,* as the excerpts hereinabove from that opinion should make clear. And, equally plainly, the injuries in that case were anything but superficial, consisting of "a badly swollen eye, a laceration beneath the eye, bad bruises on the back of her left ear, black and blue marks under and on her chin, on her

---

[3]The *Model Penal Code* likewise requires a showing that the victim's injuries be substantial. The Code classifies assaults as simple and aggravated. *Model Penal Code* § 211.1 (Proposed Official Draft, 1962). Absent the use of a deadly weapon, a conviction for aggravated assault may be sustained only where a defendant "purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life" causes or attempts to cause a "serious bodily injury." § 211.1(2). A "serious bodily injury" is defined as a "bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement or protracted loss or impairment of the function of any bodily member or organ." § 210(3). As is readily apparent, the injuries sustained by the victims in the instant case fail to meet the requirement of substantial injury found in the *Model Penal Code* as well as in *Edwards, supra.*

forehead, neck and inside her thighs, and scratches all over which bled. [The victim] was given hospital treatment, although released after two hours, and the marks of her injuries were apparent for two or three weeks." 28 *N. J.* at 299.

In contrast the injuries in the case before us were superficial at most. The finger of the first victim bled "a little" after being pricked, and no other harm resulted. Before the pin was inserted, defendant applied alcohol to the finger. The second victim, to whose arm alcohol was likewise applied, said the pin "just pinched the skin and that was it." The third assault and battery, while somewhat more aggravated than the other two inasmuch as in two instances veins were involved, nevertheless resulted in injuries which were hardly "substantial", there being no harm resulting from the two insertions of needles in one arm and one insertion in the other.

It is perhaps understandable that one's peripheral vision would take in the bizzare aspects of this case; indeed, it is unavoidable if one is to read the record. But no matter how exercised we might become about those features of the case not before us, our judicial review of the proceedings below must remain in focus, fixed on the three separate counts of the single crime for which this defendant was convicted, namely, atrocious assault and battery. Defendant was charged with, among other offenses, committing an atrocious assault and battery on Mary Jackson, Gregory Carter and Eddie Rodgers. In addition Mary Jackson was the victim of two other offenses, charged in separate counts. The one count asserted that defendant attempted to obtain ten dollars from her by false pretenses. The other charged that he was

in private guilty of an act of lewdness with one Mary Jackson grossly scandalous and tending to debauch the morals and the manners of the people by indulging in certain acts and practices so obscene and indecent that a minute description of the same would be offensive to the Court and improper to be placed on the record thereof

wherefore a fuller description of the same is not set forth herein, contrary to the provisions of *N. J. S.* 2A:115-1 * * *.

As to the false pretenses charge involving Mary Jackson the jury found defendant guilty. That conviction is not before us. As to the private lewdness count, the trial court granted defendant's motion for acquittal. That ruling is, of course, likewise not before us and therefore the elements bearing on that offense play no part in our consideration of the separate and distinct atrocious assault and battery count in which Mary Jackson was the victim.

Our colleagues read the indictment and "other applicable [unidentified] papers" to encompass defendant's "disgusting charade." *Ante* n. 2 at 323. The atrocious assault and battery count in the indictment itself is starkly unrevealing in that regard and may be read in vain for any such indication. Here it is in its entirety:

### SECOND COUNT

And The Grand Jurors of the State of New Jersey, for the County of Essex, upon their oath present that ERNEST JUNIOR CRU-MEDY on or about the 21st day of August, 1974 at the City of Newark in the County of Essex aforesaid and within the jurisdiction of this Court, did commit an atrocious assault and battery by maiming and wounding Mary Jackson contrary to the provisions of *N. J. S.* 2A:90-1 and against the peace of this State, the government and dignity of the same.

While I can share my brothers' righteous indignation at the "loathsome character" of defendant's ploy — a cruel hoax which arguably amounts to inherently brutal conduct, atrocious to any civilized sensibility — nevertheless the nature of the injuries was such as to justify convictions for no more than simple assault and battery. I would therefore modify the judgment of the Appellate Division to vacate the judgments of conviction for atrocious assault and battery and enter judgments of conviction for simple assault and battery, that having been charged to the jury as a lesser included offense. Since the trial judge sentenced as if for

those offenses, see n. 1, *supra,* no remand would be necessary under this view of the case.

The CHIEF JUSTICE and Justice SCHREIBER join in this opinion.

*For affirmance*—Justices SULLIVAN, PASHMAN and HANDLER—3.

*For modification*—Chief Justice HUGHES and Justices CLIFFORD and SCHREIBER—3.